sm issued
6025

1
PJA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

WILLIAM WISE,

**VERIFIED COMPLAINT**

-against-

Civil Case No. 3:02-CV-1165 NAM GLS

***JURY TRIAL DEMANDED***

THE CITY OF BINGHAMTON;
MICHAEL SENIO, Police Officer,
sued in his individual and official capacity;
CORY MINOR, Police Officer, sued in
his individual and official capacity,
JAMES MAERKL, Police Officer sued
in his individual and official capacity,
THOMAS BRADY, Police Officer, sued
in his individual and official capacity,
and JOHN AND JANE DOE SUPERVISORY
AND NON-SUPERVISORY POLICE OFFICERS,
in their official and individual capacities,

U.S. DISTRICT COURT—N.D. OF N.Y.
FILED
SEP 10 2002
AT ____ O'CLOCK ____
Lawrence K. Baerman, Clerk—Binghamton

Defendants.

---

**PRELIMINARY STATEMENT**

This is an action seeking redress for the violation of plaintiff's Constitutional rights, including but not limited to his Fourth Amendment protection against unlawful search and seizure and against excessive use of force.

The injured plaintiff, William Wise, contends that after wrongfully arresting him, defendants threw him to the ground, causing him numerous injuries, including but not limited to lacerations of the scalp, which injuries were inflicted while plaintiff was handcuffed and offering no resistence to being arrested.

This action is brought under 42 U. S. C. §1983. Plaintiff seeks compensatory damages against the defendant City of Binghamton, as well as both compensatory and punitive damages

against defendant police officers, including certain supervisory officials not yet known as well as participants at the scene of the incident herein, both known defendant police officers and those not presently identified.

## PARTIES

1. Plaintiff William Wise is a resident of Greene, New York.

2. The City of Binghamton is a public municipality responsible for public safety, including but not limited to all law enforcement activities in the City of Binghamton.

3. Defendant Michael Senio is a police officer employed by the City of Binghamton.

4. Defendant Cory Minor is a police officer employed by the City of Binghamton.

5. Defendant Thomas Brady is a police officer employed by the City of Binghamton.

6. Defendant James Maerkl is a police officer employed by the City of Binghamton.

7. Defendants John and Jane Doe police officers include both supervisory officials and participants in the conduct herein described who are not yet known to plaintiff.

8. Each defendant acted under color of law at all times herein mentioned.

## JURISDICTION

9. This Court has jurisdiction pursuant to 28 U.S.C. §1343 for the claims arising under the Federal Constitution and 42 U.S.C. §1983. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

## VENUE

10. The instant action is properly venued since all conduct complained of herein occurred in Binghamton, New York, which is located within this judicial district.

## STATEMENT OF FACTS

11. On or about April 28 1999, plaintiff William Wise, together with his fiancee, Cheri Visintin, her sister Danielle, and several others, was lawfully walking in the vicinity of the State Street parking ramp en route to their vehicles.

12. The group was accosted by several men, one of whom grabbed Danielle Visintin's buttocks. When Cheri advised him to stop, he reached under her skirt and grabbed her buttocks.

13. The plaintiff attempted to intercede; he and the assailant, although not fighting, were in a stand-off position with their respective friends looking on when police arrived at the scene.

14. Police officers, rather than trying to ascertain what had occurred, immediately grabbed the plaintiff from behind, throwing him to the ground and causing him to sustain bruises and abrasions as well as an injury to his thumb.

15. Police officers refused to listen to either the plaintiff or the Visintin sisters and in fact arrested all three, while allowing their original assailants to leave the scene without so much as taking their names.

16. The plaintiff, although handcuffed, was held down by two or more officers, who then forcibly removed him down the ramp to the vicinity of the police vehicle.

17. The police officers then threw the plaintiff, first onto the hood of a patrol car

and then onto the ground, where his head struck a metal grate with such force as to cause lacerations of the scalp requiring stitches, and resulting in a permanent scar.

18. As the plaintiff was being beaten as aforesaid, other police officers at the scene idly stood by and took no steps to restrain their fellow officers or otherwise prevent the unarmed and handcuffed plaintiff, who offered no resistence, from being viciously thrown about as aforesaid.

19. The injured plaintiff was taken to the hospital for treatment, where he was subjected to taunts and threats by the accompanying police officers.

20. William Wise was charged with disorderly conduct and resisting arrest.

21. In addition to his physical injuries as aforesaid, the plaintiff sustained emotional trauma, including but not limited to mental anguish and disillusion caused by the officers' refusal to listen to his companions' accounts of what had transpired, the brutality with which he and his friends were treated, the knowledge that their assailants were allowed to simply walk away, and the humiliation caused by having been publicly arrested and later returning to his place of employment with a large head wound.

22. Subsequently, on or about July 2, 2002, William Wise was acquitted on all charges after a jury trial.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Fourth Amendment Violation)**

23. Plaintiff repeats paragraphs 1 through 22 as if fully set forth herein.

24. Upon information and belief the defendant police officers violated the plaintiff's constitutional rights, including but not limited to the protection against unreasonable search and seizure.

25. The defendants carried out the aforesaid conduct with deliberate indifference to the plaintiff's rights, including but not limited to the right to be free from unreasonable search and seizure.

26. Defendants' conduct was carried out under color of law.

27. The plaintiff is entitled to compensatory damages for the harm sustained herein as well as for the violation of his Fourth Amendment rights as guaranteed under the Constitution of the United States.

28. Plaintiff is entitled to exemplary damages because defendants acted with reckless disregard for his rights as a citizen of the United States, including but limited to the right to be free from unreasonable search and seizure.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(Excessive Force, Assault and Battery)**

29. Plaintiff realleges paragraphs 1 through 28 as if set forth fully herein.

30. The aforesaid unlawful conduct of defendant officers at the scene of the incident who participated in inflicting physical harm on plaintiff as alleged herein constituted assault and battery.

31. The excessive nature of the force used is best evinced by his injuries, in light of statements by at least one officer at the scene that show he was restrained and handcuffed within about two seconds, while the scalp laceration that required stitches occurred minutes later while he was not only cuffed but was being physically manhandled by two or more officers.

32. Defendants' aforesaid unlawful conduct during plaintiff's arrest and detainment violated plaintiff's civil rights under the due process clauses of both the United States Constitution and the New York State Constitution.

33. Said violations were a proximate cause of his injuries and the damages claimed herein.

34. Defendant participatory police officers are liable to the plaintiff in compensatory and punitive damages in an amount to be proven at trial, and for statutory attorney fees and costs.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(Ancillary Claim for False Arrest)**

35. Plaintiff reiterates paragraphs 1-34 as if set forth fully herein.

36. Defendants Senio and Minor effectuated plaintiff's arrest through an abuse of their authority as police officers and without a lawful basis to charge plaintiff with criminal conduct.

37. As a direct and proximate result of the aforesaid conduct, the plaintiff sustained the harm herein, including physical pain and suffering, permanent scars and recurring emotional trauma.

38. As a result of the aforesaid injuries, plaintiff is entitled to recover compensatory damages for the harm set forth above.

39. Because of the defendants' willful and malicious disregard of the plaintiff's rights, he is entitled to exemplary damages for the injuries set forth above.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**(Ancillary Claim for Malicious Prosecution)**

40. Plaintiff reiterates paragraphs 1 through 39 as if set forth fully herein.

41. Defendants initiated a prosecution against the plaintiff with malice aforethought

and without any factual basis for believing the plaintiff committed any criminal act.

42. Plaintiff was required to undergo a trial, where he was acquitted by a jury of his peers.

43. The conduct described herein is a direct and proximate cause of the injuries sustained by the plaintiff.

44. As a result of the aforesaid, plaintiff is entitled to compensatory and exemplary damages for the conduct complained of herein.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**(Failure of Superior Officers to Intervene)**

45. Plaintiff reiterates the allegations set forth in paragraphs 1-44 as if set forth fully herein.

46. Upon information and belief, supervisory officers at the scene, whose identities are presently unknown, failed to intervene in order to stop the violent assault upon the plaintiff or otherwise protect the plaintiff, or to take measures to ensure that those who instigated the sexual assault upon the Visintin sisters were detained.

47. Upon information and belief, supervisory officers failed to discipline or take other ameliorative steps against the officers who assaulted the plaintiff.

48. Upon information and belief, supervisory officers and the City of Binghamton failed to enact, implement and train officers as to effective policies, procedures and guidelines, particularly as to the necessity of gathering information about facts and circumstances prior to effectuating arrests, correctly determining the existence or absence of probable cause to arrest, avoiding the use of excessive force and resultant injuries when performing physical restraints, and protecting the constitutional rights of citizens such as the plaintiff.

49. Each of the defendants is liable to the plaintiff in compensatory and punitive damages.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**(Failure of a Municipality to Supervise)**

50. The degree of force used and the lack of any overt basis warranting the application of such force are the direct result of the defendant City of Binghamton's failure to properly train its police officers, with respect to the need for the use of reasonable physical force, the extent and degree of force to be employed when such force is in fact reasonably necessary under the circumstances.

51. The use of force and failure to intervene to restrain or otherwise prevent the officers from inflicting harm on the plaintiff as aforesaid is the direct proximate result of the failure of the City of Binghamton to properly train and supervise its law enforcement employees with respect to the reasonableness of the use of force on citizens and the circumstances evincing the need for such force.

52. The circumstances of this incident, in which the handcuffed plaintiff was forcibly manhandled and thrown down on a metal grate by two or more officers, while other officers looked on and neither intervened nor reasonably investigated the circumstances, evince a policy of excessive force being carried out by the City of Binghamton police department against individual citizens, which policy, while unwritten, is demonstrated by the failure of other officers on the scene to intervene and by the excessive degree of force employed by defendant officers.

53. Upon information and belief, despite being aware of the seriousness of plaintiff's injuries and the manner in which such injuries were brought about, no disciplinary or other ameliorative action was taken against the defendant police officers who inflicted the same by

the supervisory officials of the Binghamton police department or by the City of Binghamton, even after the true facts and circumstances became known, which evinces a ratification of such unlawful behavior and a policy determination, while unwritten, to employ excessive force against citizens in the City of Binghamton.

54. Upon information and belief, defendant City of Binghamton is and was responsible for the violations set forth herein because it failed to properly train and supervise its police officials or ratified the use of excessive force and of effectuating false arrests, thereby evincing a deliberate indifference to plaintiff's rights.

55. Each of the defendants is liable to the plaintiff in compensatory and exemplary damages in an amount to be proven at trial.

56. The defendant City of Binghamton is liable to plaintiff under the doctrine of respondeat superior for the tortious negligent and grossly negligent conduct and the reckless and deliberate indifference of its employees as alleged herein.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully prays that he be awarded judgment against the defendants as follows:

1. Award plaintiff William Wise compensatory damages on each of the first through sixth causes of action in the amount of $1,000,000.00.

2. Award plaintiff William Wise exemplary damages in the amount of $10,000,000.00 on each of the first through sixth causes of action .

3. Award plaintiff reasonable attorney's fees, together with the costs and disbursements of this action, along with such other and further relief as the Court deems just and

proper under the circumstances.

Dated: September 6, 2002
Binghamton, New York

LAW OFFICES OF RONALD R. BENJAMIN
Attorneys for Plaintiff
126 Riverside Drive
P. O. Box 607
Binghamton, New York 13902
607/772-1442

By [signature]
Mary Jane Murphy
Federal Bar No. 511282

***JURY TRIAL DEMAND***

Plaintiffs hereby demand a trial by jury herein.